UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                          )

JENNA FREEMAN,           )
AS GUARDIAN OF          )
BRIAN CORBETT,          )
                          )

Plaintiffs,                )      CIVIL ACTION NO: 1:22-CV-11474 - FTS
                          )

v.                       )
                          )

STEVIE BROWNING, in his individual )
capacity, JEFFREY BERMANI, in his )
individual capacity, CHRISTOPHER )
GOODWIN, in his individual capacity, )
GARY SACCO, in his individual )
Capacity, )
 )
Defendants. )
_____)

## THIRD AMENDED COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.    This is a civil rights action against Stevie Browning, Jeffrey Bermani, Christopher Goodwin, and Gary Sacco, Massachusetts State Police troopers who detained and used excessive force against Brian Corbett, a young man with Down Syndrome, violating Brian's Fourth and Fourteenth Amendment rights to be free from excessive force and unjustified detention. The trooper-defendants' conduct also discriminated against Brian Corbett on the basis of his disability in violation of the Americans with Disabilities Act ("ADA") and Rehabilitation Act.

### JURISDICTION AND VENUE

2. This action is brought pursuant 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, Title II of the Americans

1

with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction over claims arising under state law is authorized by 28 U.S.C. § 1367.

4. Venue is proper before this Court pursuant to 28 USC § 1391(b).

PARTIES

5. Brian Corbett is an individual with a disability who, at all times relevant to this Complaint, was residing in Danvers, Massachusetts.

6. Daniel P. Corbett is Brian Corbett's father and legal Guardian and brings this action on behalf of Brian.

7. Stevie Browning is an individual who, at all times relevant to this Complaint, was employed by the Massachusetts State Police. His actions alleged in this complaint were taken under color of law. He is being sued in his individual capacity.

8. Jeffrey Bermani is an individual who, at all times relevant to this Complaint, was employed by the Massachusetts State Police. His actions alleged in this complaint were taken under color of law. He is being sued in his individual capacity.

9. Christopher Goodwin is an individual who, at all times relevant to this Complaint, was employed by the Massachusetts State Police. His actions alleged in this complaint were taken under color of law. He is being sued in his individual capacity.

10. Gary Sacco is an individual who, at all times relevant to this Complaint, was employed by the Massachusetts State Police. His actions alleged in this complaint were taken under color of law. He is being sued in his individual capacity.

FACTS

11. On or about January 12, 2021, Daniel Corbett was driving with his son, Brian, on Route 1 North in Danvers, Massachusetts in the area of Centre Street.

2

12. Brian suffers from Down's Syndrome. As a result of his condition, he has developmental, cognitive, and behavioral symptoms, as well as a congenital heart defect.

13. Although an adult, Brian functions and appears as a child. He is only four feet, eleven inches tall, and is visibly disabled. He has limited communication skills and requires assistance with his everyday functioning.

14. While Daniel was driving with Brian on January 12, 2021, Brian defecated on himself.

15.  Daniel turned his truck around to go back to his home.

16. Brian began to panic and Daniel pulled his truck over in the breakdown lane of Route 1 North, where there was a sidewalk, so he could assist Brian.

17. As he pulled over, Daniel called Brian's mother, Cheryl, and she agreed to drive to their location and assist Brian.

18. Daniel called Cheryl because she is able to calm and re-direct Brian when he becomes upset.

19. After Daniel stopped the truck, Brian got out of the truck and, standing on the sidewalk, began removing his soiled garments.

20. Daniel tried to persuade Brian to get back inside the truck so they could go home.

21. At this time, Massachusetts State Police trooper Stevie Browning pulled his vehicle over in front of Daniel's truck, got out, and approached Daniel and Brian.

22. Brian was very upset and was trying to prevent his father from helping him.

23. Browning asked Daniel if he needed help, and Daniel told him he did not need help.

24. Daniel informed Browning that Brian's mother was on her way, and she would be able to diffuse the situation.

25. Despite being informed that Daniel did not need or desire his assistance Browning threatened to use a taser on Brian.

26. Daniel explained to Browning he could not use a taser on Brian, because Brian's Down

3

Syndrome caused him to have a weak heart. He had, had open heart surgery, and a taser could kill him.

27. Browning nonetheless continued his threats to use the taser, which exacerbated Brian's behavior and his upset.

28. Troopers Jeffrey Bermani, Christopher Goodwin, Caden Tibert and Gary Sacco arrived in marked cruisers and approached Daniel and Brian.

29. Although it was obvious that Brian was disabled, and although Daniel informed the Defendants that he and his wife could control the situation and did not need or want police assistance, the Defendants continued to exacerbate an already difficult situation.

30. Instead of waiting for Brian's mother to arrive or otherwise listening to Daniel, Browning ordered the other troopers to take Brian to the ground, and Bermani, Goodwin, and Sacco took hold of Brian and forced him face down on the ground, where he was placed in handcuffs.

31. An ambulance arrived and the troopers placed Brian on a gurney and into the ambulance, still in handcuffs.

32. Brian's mother, Cheryl Corbett arrived, but was not permitted to intervene.

33. Despite Brian's obvious disability and Daniel's protestations, Browning threatened to arrest Brian on "assault" charges against Daniel.

34. The troopers had the ambulance take Brian to Salem Hospital, but neither of his parents were permitted to ride with him in the ambulance.

35. At the hospital, Brian was treated for abrasions to the knees and pain in the shoulder caused by his arrest.

Damages

36. The emotional distress caused by this incident significantly altered Brian's life.

4

37. Prior to the incident, Brian had a job at the Essex South Registry of Deeds.

38. He regularly would accompany his father to work—riding along with his father in his truck and visiting real estate projects all over the North Shore that his father managed.

39. Brian has several nieces and nephews, and prior to the incident he would regularly travel to their local sports events to watch them play soccer, hockey, softball and baseball.

40. Brian would always volunteer to go on errands with his sister.

41. Because of this incident, for months Brian did none of these things and is generally afraid to leave the house.

42. He no longer accompanies his father to work because he is afraid to ride in the truck

43. His fear of traveling made it so that he would not go his job at the Registry of Deeds, which has caused him to lose the position.

44. When his family members attempt to get him to ride in a car, he refuses, and screams "NO NO NO HANDCUFFS" or "No Route 1."

45. Prior to the incident, Brian would regularly attend a day program. After the incident, too afraid to leave the house, he often refuses to attend the program.

46. The day program regularly brought Brian on field trips, but after the incident, even if he attended the program, he would often refuse to go on the field trips.

47. His family has had to seek therapists to try to address Brian's anxiety and fears and to try to coax him to leave the home.

48. Brian has been prescribed medication to address his anxiety, but he continues to suffer.

49. Despite his treatment, Brian continues to be traumatized by the incident and is afraid to leave his home.

## **CLAIMS**

### **COUNT 1**
**42 USC §1983 Fourth and Fourteenth Amendments - False Arrest
(Defendants Browning, Bermani, Goodwin, and Sacco)**

50. The above paragraphs are incorporated by reference.

51. The Defendant state troopers seized Brian Corbett without probable cause or reasonable suspicion.

52. Defendant state troopers deprived Brian Corbett of his clearly established and well-settled rights under the Fourth and Fourteenth Amendments to the Constitution to be free from the unreasonable seizure of his person.

53. As a direct and proximate result of Defendant state troopers' actions, Brian Corbett suffered the injuries described above.

### **COUNT II**
**42 USC §1983 Fourth Amendment - Excessive Force
(Defendants Browning, Bermani, Goodwin, and Sacco)**

54. The above paragraphs are incorporated by reference.

55. Defendant state troopers used unreasonable and excessive force on Brian Corbett.

56. Defendant state troopers deprived Brian of the clearly established and well-settled right under the Fourth Amendment to the Constitution to be free from the use of excessive force.

57. As a direct and proximate result of Defendant state troopers' actions, Brian Corbett suffered the injuries described above.

## COUNT IV[1]
### 42 USC §1983 Failure to Intervene
### (Defendants Bermani, Goodwin, and Sacco)

58. The above paragraphs are incorporated by reference.

59. Defendants Bermani, Goodwin, and Sacco were present on the scene and were aware that Defendant Browning was violating Brian's constitutional rights and were discriminating against him based on his disability.

60. Defendants Bermani, Goodwin, and Sacco had a reasonable opportunity to prevent the violations of Brian's constitutional rights, to prevent discrimination against him based on his disability, and to give Brian a reasonable accommodation, but failed to do so.

61. As a direct and proximate result of the Defendants' failure to intervene, the Plaintiff has suffered the damages described above.

## COUNT V
### Intentional Infliction of Emotional Distress
### (Defendants Browning, Bermani, Goodwin, and Sacco)

62. The above paragraphs are incorporated herein by reference.

63. Defendants' threatened Brian Corbett, an obviously disabled man, with use of a taser and with arrest, and used excessive force against him, causing fear, terror, panic and pain.

64. Defendants, through their extreme and outrageous conduct, intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of their conduct.

65. As a direct and proximate result of the Defendants' actions, Brian Corbett suffered severe distress and the injuries described above.

---

[1] Count III was dismissed by the Court. (Doc. 73).

## COUNT VI
### Assault and Battery
### (Defendants Browning, Bermani, Goodwin, and Sacco)

66. The above paragraphs are incorporated by reference.

67. Defendants, without justification, intentionally assaulted and battered Brian Corbett by threatening to use a taser on him, pushing him to the ground, and restraining him.

68. As a direct and proximate result of the Defendants' actions, Brian Corbett suffered the injuries described above.

## COUNT VII
### Violation of G.L. c. 93 § 103, Massachusetts Equal Rights Act
### (Against all Defendants)

69. The Massachusetts Equal Rights Act (MERA) provides a cause of action under Article CXIV of the Massachusetts Constitution.

70. Art. CXIV provides that "[n]o otherwise qualified handicapped individual shall, solely by reason of his handicap, be excluded from the participation in, denied the benefits of, or be subject to discrimination under any program or activity within the commonwealth."

71. Brian Corbett is a qualified handicapped individual due to his mental and physical disabilities and is protected by Art. CXIV.

72. The Defendants ignored the information provided by Brian's parents as well as Brian's obvious and observable physical and mental disabilities which made it clear that his behavior was a result of disability.

73. In seizing Brian Corbett and using excessive force against him, the Defendants misperceived and were deliberately indifferent to the effects of those disabilities and treated them as criminal activity.

8

74. The Defendants failed to accommodate Brian Corbett's disability during the course of their investigation and seizure of him.

75. The Defendants discriminated against Brian Corbett on the basis of his disability.

76. As a direct and proximate result of Defendants' failure to recognize and accommodate Brian's disability, the Defendants caused Brian and his family to suffer greater injury, and greater indignity than other individuals who do not suffer from Brian's disability.

77. As a direct and proximate result of Defendants' actions, Brian suffered the injuries described above.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

1. Award compensatory damages;

2. Award punitive damages against Defendants;

3. Award the costs of this action, including reasonable attorneys' fees; and

4. Award such other further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

A jury trial is hereby demanded pursuant to Fed. R. Civ. P. 38(b).

Respectfully Submitted,
Jenna Freeman on behalf of
Brian Corbett,
By her attorneys,


/s/ Jennifer McKinnon
Jennifer McKinnon, BBO No. 657758
Jeffrey Wiesner, BBO No. 655814
Wiesner McKinnon LLP
88 Broad St., Suite 503
Boston, MA 02110
Tel.: (617) 303-3940
Fax: (617) 507-7976
jmckinnon@jwjmlaw.com
jwiesner@jwjmlaw.com

/s/ Karen A. Pickett
Karen A. Pickett, BBO No. 633801
Pickett Law Offices, P.C.
125 High St.,
26th Floor
Boston, MA 02110
617.423.0485
kpickettlaw@gmail.com


Dated: September 16, 2024