UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JENNA FREEMAN, as Guardian of BRIAN CORBETT, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil No. 22-11474-LTS |
| STEVIE BROWNING et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON CERTIFICATION

February 17, 2026

SOROKIN, J.

For the reasons explained in the Court's recent Order on the motion for summary judgment, Doc. No. 119, the Court will certify questions about the novel and complex legal issues raised by Plaintiff's MERA claim to the Massachusetts Supreme Judicial Court pursuant to SJC Rule 1:03. The Court proposes to certify the following questions:

1. Does the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103, and/or Article 114 of the Amendments to the Massachusetts Constitution apply to the ad hoc law enforcement interaction between Brian Corbett and four Massachusetts state troopers that gave rise to this case?

2. If so, may the individual troopers be held liable for damages if they violated Brian Corbett's rights under MERA and Article 114?

3. If so, does Massachusetts law apply the following liability theories as to the MERA claim in this case?

    a.   The "effects" theory of liability as that test is set out in federal-court case law interpreting Title II of the Americans with Disabilities Act.  See, e.g., Jackson v. Inhabitants of Town of Sanford, No. Civ. 94-12-P-H, 1994 WL 589617, at *1, *6 (D. Me. Sep. 23, 1994); Lewis v. Truitt, 960 F. Supp. 175, 178–79 (S.D. Ind. 1997); see also Gray v. Cummings, 917 F.3d 1, 15 (1st Cir. 2019) (describing this theory).

    b.   The "accommodation" theory of liability as that test is set out in federal-court case law interpreting Title II of the Americans with Disabilities Act.  See, e.g., Gorman v. Bartch, 152 F.3d 907, 909–13 (8th Cir. 1998); see also Gray, 917 F.3d at 15.

    c.   A theory of liability other than the "effects" and "accommodation" theories.

4.  If so, may the troopers assert a qualified-immunity defense to Brian Corbett's MERA claim premised on these liability theories?

The parties shall file a joint status report setting out their joint or separate positions regarding these proposed questions—whether to add any questions, delete any questions, or modify the language of any questions.  Unless a party objects, the Court anticipates staying the proceedings in this case while the certified questions are pending before the SJC.  The status report is due March 9, 2026.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

2