UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNA FREEMAN, as Guardian of BRIAN CORBETT, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| STEVIE BROWNING et al., | ) ) ) |
| Defendants. | ) ) |

Civil No. 22-11474-LTS

CERTIFICATION ORDER

March 11, 2026

SOROKIN, J.

This case presents novel and complex questions of state law related to the Massachusetts

Equal Rights Act ("MERA") and Article 114 of the Amendments to the Massachusetts

Constitution.  Mass. Gen. Laws ch. 93, § 103; Mass. Const. art. CXIV.  No Massachusetts case

has yet addressed whether MERA applies to ad hoc law-enforcement interactions like the one

that gave rise to this case.  See Doc. No. 104 at 10.  Although MERA has federal counterparts in

Title II of the ADA and Section 504 of the Rehabilitation Act, see Shedlock v. Dep't of Corrs.,

818 N.E.2d 1022, 1029–35 (Mass. 2004), federal law provides little guidance here for at least

two reasons: (1) the First Circuit has not decided whether and how Title II applies to arrests, and

(2) Title II would not apply in this case (i.e., in a damages action against individual line officers)

but MERA plausibly might.  See Gray v. Cummings, 917 F.3d 1, 15 (1st Cir. 2019); Conlon v.

Scaltreto, 158 F.4th 211, 225–26 (1st Cir. 2025) (per curiam); Shedlock, 818 N.E.2d at 1032 n.7.

Additionally, federal courts have "identified two general theories describing ways in which a

police officer may violate the ADA in executing an arrest": the "effects" theory and the "accommodation" theory. Gray, 917 F.3d at 15; see also Jackson v. Inhabitants of Town of Sanford, No. Civ. 94-12-P-H, 1994 WL 589617, at *1, *6 (D. Me. Sep. 23, 1994); Lewis v. Truitt, 960 F. Supp. 175, 178–79 (S.D. Ind. 1997); Gorman v. Bartch, 152 F.3d 907, 909–13 (8th Cir. 1998). It is not clear whether the "effects" or "accommodation" theory, or another liability theory, would be cognizable under MERA. Finally, Massachusetts courts appear not to have decided whether officers may assert qualified or common-law immunity against MERA claims of this nature.

The Massachusetts Supreme Judicial Court ("SJC") permits a federal court to certify questions of Massachusetts law to it when those questions "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court." Mass. S.J.C. R. 1:03, § 1. The Court concludes that certification to the SJC is necessary and appropriate here. As the Court has explained, Doc. No. 119 at 28–29, the Court cannot predict with any reasonable certainty how the SJC would resolve the issues identified above using the typical predictive tools. See, e.g., Ken's Foods, Inc. v. Steadfast Ins. Co., 36 F.4th 37, 44 (1st Cir. 2022); In re Engage, Inc., 544 F.3d 50, 58 (1st Cir. 2008). The factual record in this case is well developed for the SJC's consideration of the certified questions. See Back Beach Neighbors Comm. v. Town of Rockport, No. 20-cv-11274-NMG, 2021 WL 8939521, at *2 (D. Mass. Feb. 3, 2021). Discovery is complete. The Court's summary-judgment order, Doc. No. 119 at 2–12, recounted "all facts relevant to the questions certified and show[s] fully the nature of the controversy in which the questions arose." Mass. S.J.C. R. 1:03, § 3(2).

The Court therefore certifies the following questions to the SJC:

1.  What legal standard applies to Plaintiff's claim of disability discrimination under the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103?

2.  What immunity defenses, if any, are available to officers against a Massachusetts Equal Rights Act claim of this nature?

The Clerk shall forward this Order and the Order on Summary Judgment (Doc. No. 119) to the SJC under the seal of this Court.  Mass. S.J.C. R. 1:03, §§ 3, 4.  The Clerk shall also provide any portion of the record that the SJC may require.[1]  Id.

This case is STAYED pending receipt of the SJC's decision on the certified questions.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

---

[1] If the SJC requests a sealed portion of the record, the Clerk shall first notify this Court and the parties and obtain the consent of the parties prior to transmitting the sealed portion to the SJC.